1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

9
10

ROBERT CAVAZOS,                    )
                                   )  No. CV-04-3112-CI
          Plaintiff,               )
                                   )  ORDER GRANTING IN PART
     v.                            )  PLAINTIFF'S MOTION FOR SUMMARY
                                   )  JUDGMENT AND REMANDING FOR
JO ANNE B. BARNHART,               )  ADDITIONAL PROCEEDINGS
Commissioner of Social             )  PURSUANT TO SENTENCE FOUR OF
Security,                          )  42 U.S.C. § 405(G)
                                   )
          Defendant.               )
                                   )

11
12
13
14
15
16

17       BEFORE THE COURT are cross-Motions for Summary Judgment (Ct.

18  Rec. 12, 17), submitted for disposition without oral argument on

19  June 13, 2005. Attorney D. James Tree represents Plaintiff; Special

20  Assistant United States Attorney Leisa A. Wolf represents Defendant.

21  The parties have consented to proceed before a magistrate judge.

22  (Ct. Rec. 7.)  After reviewing the administrative record and the

23  briefs filed by the parties, the court **GRANTS IN PART** Plaintiff's

24  Motion for Summary Judgment and **REMANDS** for additional proceedings

25  pursuant to sentence four of 42 U.S.C. § 405(g).

26       Plaintiff, who was 52-years-old at the time of the

27  administrative decision, filed applications for Social Security

28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 1

disability and Supplemental Security Income (SSI) benefits on June 13, 2002, alleging an amended onset date of July 23, 2001 (his 50th birthday), due to musculoskeletal impairments, chronic obstructive pulmonary disease (COPD), and rib pain. (Tr. at 18.) Plaintiff had more than a high-school education and past work experience as a long haul truck and taxi driver. (Tr. at 24.) Following a denial of benefits and reconsideration, a hearing was held before ALJ Donald P. Krainess. The ALJ denied benefits; review was denied by the Appeals Council. This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

## ADMINISTRATIVE DECISION

The ALJ concluded Plaintiff had not engaged in substantial gainful activity and that his date of last insured expired September 30, 2003. (Tr. at 23.) Plaintiff had severe impairments, including chronic low back and rib pain and COPD, but those impairments were not found to meet the Listings. Plaintiff's testimony was found credible only to the extent of his inability to perform more than light work. The ALJ found Plaintiff's residual capacity permitted him to perform simple, routine, repetitive light work. The ALJ concluded past work was precluded, but Plaintiff could perform other work such as parking lot attendant, security guard, or cashier, jobs which exist in significant numbers in the national economy. (Tr. at 24.) Thus, the ALJ concluded Plaintiff was not disabled.

## ISSUES

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) – 2

1   Plaintiff asserts the ALJ erred when he (1) improperly rejected the

2   findings and opinions of the treating and examining physicians; (2)

3   performed an inadequate step five analysis; and (3) posed an

4   incomplete hypothetical to the vocational expert.

5                          **STANDARD OF REVIEW**

6       In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

7   court set out the standard of review:

8           The decision of the Commissioner may be reversed only if
            it is not supported by substantial evidence or if it is
9           based on legal error. *Tackett v. Apfel*, 180 F.3d 1094,
            1097 (9th Cir. 1999). Substantial evidence is defined as
10          being more than a mere scintilla, but less than a
            preponderance. *Id.* at 1098. Put another way, substantial
11          evidence is such relevant evidence as a reasonable mind
            might accept as adequate to support a conclusion.
12          *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the
            evidence is susceptible to more than one rational
13          interpretation, the court may not substitute its judgment
            for that of the Commissioner. *Tackett*, 180 F.3d at 1097;
14          *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599
            (9th Cir. 1999).

15
            The ALJ is responsible for determining credibility,
16      resolving conflicts in medical testimony, and resolving
        ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
17      Cir. 1995). The ALJ's determinations of law are reviewed
        *de novo*, although deference is owed to a reasonable
18      construction of the applicable statutes. *McNatt v. Apfel*,
        201 F.3d 1084, 1087 (9th Cir. 2000).

19

20                         **SEQUENTIAL PROCESS**

21      Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

22  requirements necessary to establish disability:

23          Under the Social Security Act, individuals who are
        "under a disability" are eligible to receive benefits. 42
24      U.S.C. § 423(a)(1)(D). A "disability" is defined as "any
        medically determinable physical or mental impairment"
25      which prevents one from engaging "in any substantial
        gainful activity" and is expected to result in death or
26      last "for a continuous period of not less than 12 months."
        42 U.S.C. § 423(d)(1)(A). Such an impairment must result
27      from "anatomical, physiological, or psychological
        abnormalities which are demonstrable by medically

28
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 3

acceptable clinical and laboratory diagnostic techniques."
42 U.S.C. § 423(d)(3). The Act also provides that a
claimant will be eligible for benefits only if his
impairments "are of such severity that he is not only
unable to do his previous work but cannot, considering his
age, education and work experience, engage in any other
kind of substantial gainful work which exists in the
national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus,
the definition of disability consists of both medical and
vocational components.

    In evaluating whether a claimant suffers from a
disability, an ALJ must apply a five-step sequential
inquiry addressing both components of the definition,
until a question is answered affirmatively or negatively
in such a way that an ultimate determination can be made.
20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The
claimant bears the burden of proving that [s]he is
disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.
1999). This requires the presentation of "complete and
detailed objective medical reports of h[is] condition from
licensed medical professionals." *Id.* (citing 20 C.F.R. §§
404.1512(a)-(b), 404.1513(d)).

### ANALYSIS

Plaintiff contends the ALJ improperly rejected the opinion of

the treating physician, Dr. Maier, who concluded on one occasion

Plaintiff was able to perform only sedentary work. Additionally,

Plaintiff contends an examining physician, Dr. Mellar, opined

Plaintiff was limited to sedentary work. (Tr. at 230.) If limited

to sedentary work, Plaintiff would be disabled under the Grids, as

acknowledged by the ALJ. (Tr. at 21.)

    The ALJ in his opinion noted:

In August 2001, Dr. Maier opined the claimant was not
disabled from doing any work except for long-haul trucking
or any heavy duty work. He related the claimant could
work if he exercised regularly, lost weight (he weighed
206 ½ pounds and was 68 4/8 inches tall) and regularly
took analgesics. . . . He opined the claimant should
realize he was not a young man and proceed with further
educational opportunities and new employment.

(Tr. at 19.)

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 4

1       Undoubtedly he [Plaintiff] believes he is only capable of
2   performing sedentary work, work close to what Dr. Mellar
    opined he could do in April 2000.  If he could only do
3   sedentary work, I would have to find him disabled at
    another step in the sequential evaluation process.  I
4   cannot find Dr. Mellar's opinion controlling in this
    matter for several reasons.  First, there is no showing
5   that he was a treating physician.  Second, his opinion was
    provided in April 2000, less than one year after the
6   claimant's September 1999 injury.  At that point, his
    impairment had not lasted for 12 months.  Finally, even if
7   Dr. Mellar's opinion were acceptable as that of a treating
    physician, other evidence of record shows the claimant is
8   capable of performing more than sedentary work.  Thus, Dr.
    Mellar's opinion is inconsistent with other evidence of
9   record.

10  (Tr. at 21.)

11  1.  <u>Examining Physician</u>

12      The ALJ rejected the opinion of examining physician, Dr.

13  Mellar, who concluded in April 2000 that Plaintiff was limited to

14  sedentary work due to limited range of motion.  (Tr. at 230-231.)

15  Dr. Mellar acknowledged that Plaintiff was not participating in any

16  treatment at that time because it was his first medical visit, and

17  it appears, after review of the record, his only contact with Dr.

18  Mellar.  Case law requires the opinions of examining physicians,

19  when uncontroverted, be rejected only with clear and convincing

20  evidence.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

21  However, Dr. Mellar's opinion, was later contradicted by that of

22  treating physician, Dr. Maier.  Thus, the ALJ's finding Dr. Mellar's

23  opinion was inconsistent with other evidence is supported by the

24  record.  The fact the opinion was rendered less than one year after

25  the back injury is relevant, but only to the extent it reflects an

26  opinion with respect to limitations prior to treatment.

27

28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 5

2.   <u>Treating Physician</u>

    The ALJ appears to have relied on the opinion of the treating physician, Dr. Maier, who concluded in December 2000 that Plaintiff would be limited to light work after June 2001 (Tr. at 225).  That conclusion was amended by Dr. Maier in September 2001 to sedentary work.  (Tr. at 221.)

    In a disability proceeding, the treating physician's opinion is given special weight because of his familiarity with the claimant and his physical condition. *See Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989).  If the treating physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons which are supported by substantial evidence.  *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605.  Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for a doctor's report based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion.  *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.  Here, the ALJ relied on Dr. Maier's first opinion that Plaintiff could perform light work (Tr. at 21); this conclusion is supported by the medical record.

    Plaintiff was injured on the job in September 1999 and asserts he became unable to work in December 1999.  Because of lack of

access to medical care due to financial issues, he spent several weeks bedridden during the winter of 1999-2000 before becoming a patient of Dr. Russell Maier in May 2000, following receipt of labor and industry benefits.  (Tr. at 166.)

X-rays in April 2000 and a CT scan in December 2000 indicated mild degenerative disc disease at L4-5 (disc space narrowing) and L5-S1 with no disc herniation or paraspinous soft tissue involvement.  (Tr. at 167.)  An examination by Dr. Maier in May 2000 demonstrated no muscle atrophy in the extremities, mild tenderness at L1-L4 vertebrae, pain with straight leg raising at 45° bilaterally, radiating to the soles of the feet.  Strength was 5/5, reflexes were 1+ at ankles, 2+ at knees and toes were down-going. (Tr. at 228.)

In June 2000, Plaintiff reported to Dr. Maier he had been working as a security guard, but was experiencing increased pain. (Tr. at 227.) Also, in November and December 2000, Plaintiff was treated with medication for pneumonia and COPD, secondary to a long history of smoking discontinued the month before.  (Tr. at 142, 191, 226.)  Imaging reports indicated normal lung and chest.  (Tr. at 193.)

An RFC by Dr. Maier in December 2000 limited Plaintiff to light work after June 2001 (Tr. at 224-25); Plaintiff was to continue treatment with physical therapy and non-steroidal anti-inflammatory drugs (NSAIDS) after obtaining L&I approval.  Following physical therapy in October and November 2000, Plaintiff had some improvement.  (Tr. at 161.)  In March 2001, Dr. Maier renewed a TENS unit for Plaintiff  and recommended he find a different occupation.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 7

(Tr. at 160.)   He concluded Plaintiff's condition was fixed and stable and that he could return to work as a survey engineer. (Tr. at 159.)  A panel examination in April 2001 for L&I purposes limited Plaintiff to medium work with no prolonged sitting or standing. (Tr. at 145.)

Dr. Maier noted in August 2001 that Plaintiff was not disabled from all work, but was not able to perform prior work as a long haul trucker.  (Tr. at 157.)  Dr. Maier also noted Plaintiff needed to accept the fact he was not a young man, would suffer chronic back pain, and needed to proceed with further educational opportunities and new employment.  (Tr. at 157.)  A second RFC by Dr. Maier dated September 2001 limited Plaintiff to sedentary work, recommending that he exercise, lose weight and take analgesics.  Dr. Maier also noted Plaintiff may benefit from a mental health evaluation for anxiety/depression because objective findings did not support the severity of complaints.  (Tr. at 221-222.) Plaintiff continued with physical therapy exercises, but reported he was taking no pain medication in October 2001.  (Tr. at 155.)

In  January  2002,  Plaintiff  reported  he  had  cut  back significantly on his medication for COPD.  (Tr. at 239.)  Plaintiff underwent additional physical therapy treatments from February 28, 2002, to March 29, 2002.  (Tr. at 175.)  The treatment re-qualified him for a TENS unit, which was effective in reducing pain.  (Tr. at 176.)  Plaintiff was noted to be overweight and deconditioned.  (Tr. at 177.)   An RFC by consultant Charles Wolfe dated August 2002 concluded  Plaintiff  could  perform  light  work  with  occasional postural limitations.  (Tr. at 213.)

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 8

In May 2003, post hearing, Dr. Maier reported there had been no change in the low back condition except for intermittent flares. Dr. Maier also noted it was Plaintiff's expectation that the state find him a job.  (Tr. at 234.)  In 2003, Dr. Maier concluded jobs which permitted frequent change of position (sitting/standing with some walking) would be acceptable.  (Tr. at 236.)  During the administrative hearing, Plaintiff testified he intended to return to college to complete his degree in television and video production work.  (Tr. at 264.)

Thus, the ALJ's reliance on the treating physician, Dr. Maier, that Plaintiff was not disabled is supported by the record.  The limitation to light work also is supported by the record, including lack of severe objective findings, opinions by treating (Maier), examining (L&I panel), and consulting (Wolfe) physicians limiting Plaintiff to no less than light work, lack of pain medication, improvement with TENS unit, improvement of the COPD condition, and necessity for frequent change of position, with no prolonged sitting (required for sedentary work).  The ALJ adopted these limitations in his written opinion.  (Tr. at 22, light work with ability to stand/walk for two hours in an eight hour workday and sit for up to six hours, provided he can sit or stand at will.)  However, in his hypothetical, the ALJ did not include the limitation regarding change of position.  The question, then, is whether such oversight requires remand.

3.   Hypothetical

The hypothetical posed by the ALJ to the vocational expert included the following limitations:  light work; stand or walk or

sit for up to six hours a day, with postural limitations in climbing ladders, ropes and scaffolding and in stooping, crouching, and crawling. (Tr. at 276.) Nothing was stated regarding need to change position at will, a limitation included in the written opinion. (Tr. at 22.) Based on the incomplete oral hypothetical supplied to the vocational expert, expert testimony was provided that Plaintiff could perform other work that exists in the national economy, including security guard, parking lot attendant, and cashier. (Tr. at 276-278.)

In determining a claimant's RFC, the ALJ must consider the limiting effects of all of the claimant's impairments. 20 C.F.R. § 404.1545(e); SSR 96-8p at 5. The ALJ's hypothetical did not consider the need to change position at will. For a hypothetical to be reliable and have evidentiary value, it must include all of a claimant's limitations. *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). "[I]f the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly,

**IT IS ORDERED**:

1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is **GRANTED;** the matter is **REMANDED** for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2.   Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 17)** is **DENIED.**

3.   Any application for attorney fees shall be made by separate motion.

1          4.   The District Court Executive is directed to file this

2     Order and provide a copy to counsel for Plaintiff and Defendant.

3     The file shall be **CLOSED** and judgment entered for Plaintiff.

4          DATED June 13, 2005.

5

6                          S/ CYNTHIA IMBROGNO
                    UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 11